**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRYSTAL BERGER, | Case No. 2:26-cv-1480-APG-MDC |
| Petitioner | |
| vs. | **ORDER DENYING WITHOUT PREJUDICE PETITIONER'S EMERGENCY MOTION FOR PROTECTIVE ORDER (ECF NO. 9)** |
| SECRETARY, U.S. DEPARTMENT OF LABOR ; AND DIRECTOR OF OFFICE OF WORKERS' COMPENSATION PROGRAMS, | |
| Respondents. | |

The Court has reviewed and considered petitioner's *Emergency Motion for Protective Order and Stay of Unauthorized Administrative Appointment* (ECF No. 9) ("Motion") by which plaintiff requests the Court to stay a medical examination scheduled for June 12, 2026, by respondent the U.S. Department of Labor. The Court **DENIES** her Motion without prejudice for the following four reasons:

First, petitioner failed to demonstrate an emergency. Petitioner filed her Motion on June 5, 2026, and her grounds for emergency is that the medical examination is scheduled for June 12, 2026. However, petitioner was given notice of such examination on April 29, 2026, over five weeks before she filed her Motion. *See ECF No. 9*, *Ex. A*. While petitioner alleged in her Writ Petition (ECF No. 1) that a second opinion referral was initiated on April 13, 2026, petitioner's Motion does not address why petitioner delayed in filing her Motion specifically requesting the Court for expedited relief regarding the June 12, 2026 medical examination after she received the April 29, 2026 notice. Local Rule 7-4(b) provides that "Emergency motions should be rare" and a party's "failure to effectively manage deadlines… or any other aspect of litigation does not constitute an emergency." *Id.*

Second, petitioner did not follow the procedures in Local Rule 7-4(a), which states:

    (a) Written requests for judicial assistance in resolving an emergency dispute must be titled "Emergency Motion" and be accompanied by a declaration setting forth:

1

(1)   The nature of the emergency;
(2)   The office addresses and telephone numbers of movant and all affected parties; and
(3)   A statement of movant certifying that, after participation in the meet-and confer process to resolve the dispute, the movant has been unable to resolve the matter without court action. The statement also must state when and how the other affected people or entities were notified of the motion or, if not notified, why it was not practicable to do so. If the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded.

*Id.* Petitioner's Motion does not include a declaration from petitioner in which she provides the office addresses and telephone numbers of movant and all affected parties. Nor does her Motion include a declaration from petitioner certifying any efforts to meet-and-confer with respondents to resolve the matter. Local Rule 7-4(c) provides in relevant part: "Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion." *Id.*

Third, it appears that petitioner has a non-judicial remedy. According to the April 29, 2026, notice setting the medical appointment, petitioner may contact respondent U.S. Department of Labor to reschedule her appointment. *See ECF No. 9*, *Ex. A* at 3. Petitioner did not present any evidence that she contacted respondent and attempted to reschedule her appointment or to raise any concerns or objections, as further required by the Local Rule 7-4(a)(3) meet-and-confer mandate.

Fourth, petitioner did not include a Certificate of Service or other evidence that she served a copy of her Motion upon the respondents. Thus, her Motion is considered an *ex parte* communication. "An ex parte motion or application is a motion or application that is filed with the court but is not served on the opposing or other parties." LR 7-2(a). A party may file *ex parte* motions unless the party provides the Court with a specific rule or case authority allowing for such *ex parte* communication. Local Rule IA 7-2(b) states:

Neither party nor an attorney for any party may make an ex parte communication except as specifically permitted by court order or the Federal Rules of Civil or

Criminal Procedure. An ex parte motion or application must articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis.

*Id.* In her Motion, petitioner does not articulate any specific rules or authorities permitting her to file *ex parte*.

While the Court understand that petitioner is *pro se*, "Pro se litigants have the same duties and responsibilities to know and understand legal procedures as an attorney and must follow the same rules of procedure that govern other litigants." *Cleveland v. Palmer*, No. 2:24-CV-00511-CDS-DJA, 2024 WL 3070113, at *2 (D. Nev. June 20, 2024) (internal quotations omitted) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

## ORDER

For the foregoing reasons,

**IT IS ORDERED** that petitioner's *Emergency Motion for Protective Order and Stay of Unauthorized Administrative Appointment* (ECF No. 9) is **DENIED** without prejudice.

DATED: June 9, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order

and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to Local Rule IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.