**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRYSTAL BERGER,<br>Petitioner,<br>vs.<br>SECRETARY, U.S. DEPARTMENT OF LABOR; AND DIRECTOR OF OFFICE OF WORKERS' COMPENSATION PROGRAMS,<br>Respondents. | Case No. 2:26-cv-1480-APG-MDC<br>**ORDER GRANTING MOTION TO EXTEND TIME (ECF NO. 23)** |

Respondents filed a *Motion to Extend Time* (ECF No. 23) ("Motion") to respond petitioner's Petition (ECF No. 1). The Court **GRANTS** the Motion for the reasons set forth below. Respondents shall have until **August 14, 2026**, to respond to Petitioner's Petition.

## I. PROCEDURAL BACKGROUND

Respondents move to extend the deadline to respond to petitioner's Petition to August 14, 2026. *ECF No. 23*. Petitioner opposes the Motion and also requests for various relief on a Report and Recommendation basis, including for her Petition to be granted. *ECF No. 24*.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure (Federal Rule) 6(b)(1), "[w]hen an act… must be done within a specified time, the court may, for good cause with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]". Fed. R. Civ. P. 6(b)(1). Requests for extension of time should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

//

**B. Analysis**

While the Court recognizes petitioner's Opposition to respondents' extension request, the Court finds respondents' request is not in bad faith and that they have shown good cause to obtain a brief extension. *See Ahanchian*, 624 F.3d at 1259 (reversing a denial of a Motion to Extend Time when it was made with good cause and "there was no reason to believe that [movant] was acting in bad faith or was misrepresenting his reasons for asking for the extension[.]"). Petitioner argues that respondents seek an extension to help "execute ongoing administrative fraud and fabricate a fraudulent, retroactive 'second opinion' medical trail." *ECF No. 24* at 3. However, respondents state that they need this extension to properly research and analyze the legal claims and authorities relating to petitioner's claims.[1] *ECF No. 23* at 2-3. AUSA counsel for respondents also state that this matter is complex and that counsel was out on medical leave. *Id.* at 2. There is nothing on the record to undermine or question respondents' statements or motivations for seeking a brief extension. *See Ahanchian*, 624 F.3d at 1259. Petitioner also provides no evidence or supporting exhibits in her Opposition that respondents are seeking to fabricate any medical evidence in this case and the Court finds none. Moreover, petitioner's Petition is 20 pages long and includes more than 50 pages of supporting exhibits. *See generally ECF No. 1*; *see also Kerner v. U.S. Veterans Affair Med. Ctr.*, No. 2:23-cv-01872-JAD-MDC, 2025 WL 315146, at *2 (D. Nev. January 28, 2025) (stating that Federal Rule 6(b)(1) should be liberally construed to "effectuate the general purpose of seeing that cases are tried on the merits.") (citation omitted). Therefore, there is no reason to believe that respondents' request was made in bad faith and good cause exists to grant such a request

Petitioner further argues that any further delays in this case would lead to "catastrophic" ongoing harm and delay in seeking her desired relief in this case. *ECF No. 24* at 4-5. Specifically, she argues that any further delay would lead to her FERS disability benefits being recalculated given that

---

[1] Respondents also timely filed this Motion. *See ECF No. 37*; *see also* Fed. R. Civ. Pro. 6(b)(1).

she will be 62 years old by November 2026 and that she faces a "17-year gross financial repayment penalty[.]" *Id.* Petitioner does not show how respondents' brief extension request would cause such prejudice. Petitioner will not be 62 years old for three more months and petitioner does not specify when she is required to pay any financial penalty, especially given that this case remains pending. While some delays may be prejudicial, respondents' request for an extension thus does not create sufficient prejudice to deny their Motion. *See Kerner*, 2025 WL 315146, at *2. Therefore, the Court grants the Motion and declines to issue a Report and Recommendation as petitioner's requests for in her Opposition.

However, the Court cautions that in further requests for extensions regarding replying to petitioner's Petition, respondents must give more detailed reasoning on why good cause exists. *See Garrett v. Bullock*, No. 3:14–cv–00141–LRH–WGC, 2015 WL 4132047, at *2 (D. Nev. July 8, 2015) (stating that the Court has discretion to deny a Motion for Extension when the movant has repeatedly been unable to follow deadlines to file documents); *see also Manley v. Zimmer*, No. 3:11-cv-0636-RCJ-WGC, 2014 WL 4471662, at *6 (D. Nev. September 10, 2014) ("[I]t is the trial court's responsibility to exercise its discretion in granting or denying extensions of time as it manages the progress of litigation.").

//

//

//

//

//

//

//

//

ACCORDINGLY,

**IT IS ORDERED that:**

1. Respondents' *Motion to Extend Time* (ECF No. 23) is **GRANTED**. Respondents have until **August 14, 2026,** to respond to petitioner's Petition (ECF No. 1).

2. The Court cautions that in further requests for extensions regarding responding to petitioner's Petition, respondents must give more detailed reasoning on why good cause exists.

DATED: August 12, 2026.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the petitioner must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.