**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CRYSTAL BERGER,

Petitioner

v.

SECRETARY U.S. DEPARTMENT OF LABOR, et al.,

Respondents

Case No.: 2:26-cv-01480-APG-MDC

**Order Denying Motion to Expedite**

[ECF No. 3]

Petitioner Crystal Berger moves for expedited consideration of her petition for writ of mandamus. ECF No. 3. Berger claims her petition must be adjudicated by the time she turns 62 in November 2026 because by that date she must elect a wage loss compensation rate under 5 U.S.C. § 8116 or permanently lose that right. *Id.* at 2. The respondents respond that the statute contains no such requirement or time limitation. ECF No. 22 at 2. To the contrary, they point out that Berger will be free to later revoke the election she makes. *Id.* at 2 (citing 20 C.F.R. § 10.421(a) ("The beneficiary must elect the benefit that he or she wishes to receive, and the election, once made, is revocable.")). Thus, they argue, there is no need to expedite consideration of the petition.

I ordered the parties to address the seeming discrepancy between § 8116 and 20 C.F.R. § 10.421(a). ECF No. 29. The respondents point to 5 U.S.C. § 8464a(a)(3) as creating an exception to § 8116 and allowing a revocable election. ECF No. 30 at 2. Based upon the respondents' assurance that Berger will be free to later revoke any election she makes, there is no need to resolve the petition before Berger's 62nd birthday.

While I strive to timely address pending motions and petitions, I and my judicial colleagues are overwhelmed with civil and criminal cases. I prioritize matters based on a number of factors, particularly those where a person's liberty is restrained. I will address Berger's petition when I have the time to do so. For now, however, there is no need to expedite resolution of her petition.

I THEREFORE ORDER that Berger's motion to expedite (ECF No. 3) is denied.

DATED this day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE